## SUPREME COURT—IN BANCO.

### JULY TERM—1871.

*Allen, Ch. J., and Hartwell, J.*

ESTATE OF KAILIKANOA, DECEASED INTESTATE.

APPEALS from a decree at Chambers must be taken within ten days by Rules of Court, or they are invalid; judgment on any subsequent verdict would violate the rights of original parties not represented in such appeal.

LEGITIMACY is fixed by law existing at the time of birth.

P. Nahaolelua was appointed administrator on the said estate November 26th, 1862, by J. Wight, Circuit Justice of Hawaii. December 6th, 1870, he filed a petition before the Chief Justice of this Court in Probate, alleging that in 1866 he sent an account of his administration to said Circuit

Justice, and in 1867 was informed by D. Naiapakai, successor of said Justice, that he had received said account and would advertise it for hearing, but had not done so, and had now ceased to be the Circuit Justice ; wherefore, the petitioner prayed for a hearing on his accounts, and that the heirs of said estate be declared. At a hearing December 31st, the account was approved, the administrator discharged January 21st, and the Court decreed that Nahaolelua was entitled to inherit one undivided half, and Hoomana (w.) the other half of said estate. This decree was opposed by Mrs. Hanakaulani Holt, and by John A. Simmons. From this decree, Mrs. Holt's counsel, February 4th, filed a notice of appeal, and at the April term moved that the following issue of fact be tried by jury, viz. : " Whether P. Nahaolelua, the petitioner, is entitled to inherit the estate of the said Kailikanoa, decedent, by virtue of the statutes of descent of property in this kingdom." The jury rendered the following written verdict, viz., (translated) : " On considering the case of Hanakaulani and O. J. Holt *vs.* P. Nahaolelua, eleven of the jurors approve the title of Hanakaulani and O. J. Holt, and one, that of P. Nahaolelua." Nahaolelua's counsel excepted to the verdict as contrary to evidence and not responsive to the issue. The bill of exceptions states that the evidence on both sides was, that Opuainapeau (k.) and Keolewa (w.) were the parents of Kapehe, the mother of Kailikanoa by Kahai, and after Kahai's death, mother of Huakini by Kuaaumoa ; that said Huakini was petitioner's half brother, begotten by the same father from Keauhuhu, while Kapehe was living with him undivorced, and that this occurred in ancient times ; that Kapehe second, daughter of Keaka, sister of Kapehe first, is still living, being of a collateral branch of the same degree with that of Mrs. Holt ; also, that Mrs. Holt is granddaughter of Paele, sister of Kapehe first, mother as above stated of Huakini, the person last seized of said estate.

HARTWELL, J.   The appeal was not taken until more than ten days after the decree, therefore the subsequent proceedings are invalid under the rules of this Court, as to all persons not parties.   Hoomana and Simmons were parties at the first proceedings, and are not represented in or affected by the appeal.

Mrs. Holt is not sole heir in any event, as Kapehe's claim is of like degree, and Hoomana is heir of one half of the estate, whether Nahaolelua or Mrs. Holt and Kapehe have the other half.   There is no propriety in a partial issue like this, and no judgment could be pronounced on the verdict which does not necessarily violate the rights of others.   This is true, whatever the verdict.   But if the appeal were duly taken, the issue correct, and the verdict responsive to the issue and sustained by the evidence, the jury must be deemed to have misconceived the law.   For statutes of marriage and descent were not enacted when Nahaolelua was born, and his legitimacy cannot be determined by subsequent legislation.

But as the appeal was not duly taken, and as the issue is incorrect, the verdict should be set aside, the appeal dismissed, and the parties remitted to their former rights.

Verdict set aside, appeal dismissed.

R. G. Davis for the exceptions.

A. F. Judd *contra*.